IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:07-cv-00635 |
| ) | |
| AMOR RAMIREZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

JUDGMENT ORDER
---

With summary judgment having been granted in favor of the United States and against defendants Amor Ramirez and Rolando C. Ramirez, judgment is entered in favor of the United States and against the defendants as follows:

1. On Count I of the complaint, which involved 1994 taxes, judgment is entered in favor of the United States and against defendant Amor Ramirez in the amount of $53,175.57. Interest shall continue to accrue pursuant to 26 U.S.C. §§ 6601 and 6621.

2. On Count II of the complaint, which involved 1995 taxes, judgment is entered in favor of the United States and against defendant Amor Ramirez in the amount of $49,779.31. Interest shall continue to accrue pursuant to 26 U.S.C. §§ 6601 and 6621.

3. On Count III of the complaint, which involved 1998 taxes, judgment is entered in favor of the United States and against defendant Amor Ramirez in the

amount of $23,687.51.  Interest shall continue to accrue pursuant to 26 U.S.C. §§ 6601 and 6621.

    4.    On Count IV of the complaint, which involved 2000 taxes, judgment is entered in favor of the United States and against defendant Amor Ramirez in the amount of $37,528.74.  Interest shall continue to accrue pursuant to 26 U.S.C. §§ 6601 and 6621.

    5.    On Count V of the complaint, which involved 2002 taxes, judgment is entered in favor of the United States and against defendant Amor Ramirez in the amount of $64,054.25.   Interest shall continue to accrue pursuant to 26 U.S.C. §§ 6601 and 6621.

    6.    On Count VI of the complaint, which involved 2003 taxes, judgment is entered in favor of the United States and against defendant Amor Ramirez in the amount of $40,709.00.  Interest shall continue to accrue pursuant to 26 U.S.C. §§ 6601 and 6621.

    7.    On Count VII of the complaint, the Court holds that, as a result of the assessments in Counts I through VI of the Complaint, the United States has valid and subsisting liens against all property and rights to property belonging to defendant Amor Ramirez, including, but not limited to, the following real property in Adena Village, Valley District, Fayette County, commonly known as 63 Fortuna Drive, Mt. Carbon, West Virginia, and more particularly described as follows:

> Being Lot No. 63, Section 2, as shown and designated on that certain map entitled "Adena Village   Section Two   Adena Development

Corporation Valley District, Fayette County, W.Va.," prepared by S.E. Thornton, P.E., dated July 1975, of record in the Office of the Clerk of the County Commission of Fayette County, West Virginia, in Map Book 15, at Page 53.

8. It is therefore ORDERED that the real property described above, be sold in satisfaction of the liens of the United States, pursuant to the following terms:

a. The United States Marshal for the Southern District of West Virginia or his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction, and to sell the subject property;[1]

b. The Marshall, his or her representative, or the PALS is authorized to have free access to the subject property and to take all actions necessary to preserve the subject property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the subject property is delivered to the ultimate purchaser;

c. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the subject property, and any easements and restrictions of record, if any;

d. The subject property shall be sold by public auction to take place within Fayette County, West Virginia, either on the premises themselves or at any other place

---

[1] The United States shall make the arrangements for the United States Marshal's Office or the PALS to sell the Properties as set forth in this order. The United States may choose either the United States Marshal or the PALS to carry out the sales under this order.

in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

 e. The time and place for the sale of the subject property are to be announced by the United States Marshal, his or her representatives, or the PALS;

 f. The sale of the subject property shall be advertised once each week for four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in Fayette County, West Virginia and by any other notice that the United States Marshal or his/her representative, or the PALS in his/her discretion may deem appropriate.  The notice(s) of sale shall contain a description of the property to be sold and shall contain the terms and conditions of sale in this order and decree;

 g. The subject property shall be sold to the highest bidder with the United States having the right to withdraw the subject property from bidding at any time prior to the acceptance of a bid, if in the opinion of the United States, the bids are inadequate;

 h. If there are any municipal liens (including county, district, and school district property taxes) on the subject property, the United States shall obtain from the municipality a bill, statement or claim for any delinquent amounts secured by such liens and deliver same to the United States Marshal or the PALS ten days in advance of said sale. Satisfaction of any municipal liens shall be from the sale proceeds pertaining to the property subject to such liens, and the subject property shall be sold free and clear of such municipal liens;

 I. No bid on the subject property (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at

-4-

least ten percent (10%) of the amount of the bid. Before being permitted to bid at the sale, bidders shall display to the United States Marshal, his/her representative, or to the PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this order;

  j. The balance of the purchase price of the subject property shall be paid to the United States Marshal or the PALS (whichever person is conducting the sale as arranged by counsel for the United States) within sixty (60) days after the date the bid is accepted. Payment shall be by a certified or cashier's check payable to the United States Marshal for the Southern District of West Virginia if the sale is conducted by the Marshal or to the Clerk of the United States District Court for the Southern District of West Virginia in the case of the PALS. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be returned to the bidder, and the subject property shall be again offered for sale under the terms and conditions of this order and decree.

  k. The sale of the subject property shall be subject to confirmation by this Court. On confirmation of the sale, the United States Marshal or the PALS shall execute and deliver a deed of judicial sale conveying the subject property to the purchaser(s). On confirmation of the sale, all interests in, liens against, or claims to, the subject property that are held or asserted by the United States are discharged and extinguished.

  l. No later than twenty (20) days after receipt of the balance of the purchase

price, the United States Marshal or the PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed.

    m.    The Clerk of Fayette County, West Virginia, shall proceed to record the deed in favor of the purchaser(s).

    n.    Until the subject property is sold, defendants Amor Ramirez and Rolando C. Ramirez shall take all reasonable steps necessary to preserve the subject property (including all improvements, fixtures and appurtenances) in its current condition including, without limitation, maintaining fire and casualty insurance on the subject property at their own expense. Amor Ramirez and Rolando C. Ramirez shall not commit waste against the property, nor shall they cause or permit anyone else to do so. They shall not do anything that tends to reduce the value or marketability of the subject property, nor shall they cause or permit anyone else to do so. They shall take no action which may tend to deter or discourage potential bidders from participating in the public auction.

    o.    All persons occupying the subject property shall permanently leave and vacate the premises by September 30, 2009, taking with them their personal property (but leaving all improvements, buildings, fixtures and appurtenances to the subject property). If any person fails or refuses to vacate any of the subject property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by the PALS. If any person

fails or refuses to remove his or her personal property, such property is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to dispose of such personal property in any manner it deems appropriate, including, but not limited to, the sale of such personal property. The proceeds of the sale of any such personal property shall be applied first to the expenses of sale, and then paid into the Court for further distribution.

  p. If the United States Marshal, or his or her representative, conducts the sale, the proceeds from the sale of all of the subject property shall be distributed in the following order:

    1. First, to the United States Marshal for the costs of the sale(s);

    2. Second, to any municipality to satisfy any municipal liens (including county, borough, and school district property taxes) on the subject property as stated in paragraph h above;

    3. Third, equal shares of the remainder to the United States on account of its federal tax liens and to defendant Rolando C. Ramirez on account of his interest in the subject property.

  q. If the PALS conducts the sale of the subject property, the United States shall apply to the Court for a distribution order requiring the Clerk of the Court to make payments in accordance with and under the conditions set forth in paragraph o, above, except that any expenses of sale will be paid to the PALS instead of the United States Marshal.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Judgment Order to counsel of record, any unrepresented party, the United States Marshal, Internal Revenue Service Property Appraisal and Liquidation Service, and the County Clerk for Fayette County, and further **DIRECTS** the Clerk to remove this matter from the Court's docket.

Done at Beckley, West Virginia this <u>  29th  </u> day of <u>  May  </u>, 2009.

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE